**SO ORDERED**



WENDELIN I. LIPP
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| In re: | * | |
| CLAUDETTE A. HARDY, | * | Case No. 06-10415-WIL |
| | | (Chapter 13) |
| Debtor. | * | |

* * * * * * * * * * * * *

| | | |
|---|---|---|
| CLAUDETTE A. HARDY, | * | |
| Plaintiff, | * | |
| v. | * | Adversary No. 06-01439-WIL |
| JAMES A. SPAITH, | * | |
| Defendant. | * | |

* * * * * * * * * * * * *

**MEMORANDUM OF DECISION IN SUPPORT OF ORDER GRANTING PLAINTIFF'S MOTION [18] FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION [19] FOR SUMMARY JUDGMENT**

On May 26, 2006, the Plaintiff filed a Complaint against the Defendant, seeking a declaratory judgment that a judgment entered in state court is void as a violation of the automatic stay pursuant to 11 U.S.C. § 362(a). Trial is currently scheduled for December 5, 2006. At the final pretrial conference held on October 23, 2006, this Court permitted the parties to submit

motions for summary judgment within 15 days thereof. On November 3, 2006, the Plaintiff filed her Motion [18] for Summary Judgment. The Defendant filed an Opposition [21] on November 21, 2006. The Defendant filed his Motion [19] for Summary Judgment on November 7, 2006. The Plaintiff did not file a response, however, the Court notes that she addressed the issues raised therein in her own Motion. The Court has reviewed the pleadings and the record in this case and finds that the Plaintiff's Motion will be granted and the Defendant's Motion will be denied.

## Standard for Granting Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure (made applicable to this adversary proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure) provides:

> "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Fed. R. Civ. Proc. 56(c).

The Rule further provides:

> "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment *if appropriate*, shall be entered against the adverse party."

Fed. R. Civ. Proc. 56(e) (emphasis added).

One of the principal purposes of summary judgment is to isolate and dispose of all factually unsupported claims or defenses. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). To that end, the Court considers all evidence in a light most favorable to the nonmoving

party.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505 (1986) (all justifiable inferences are drawn in the nonmovant's favor).  The mere existence of an alleged factual dispute does not defeat a motion for summary judgment; rather the standard requires that there be no genuine issue of *material* fact.  *Id*. at 247-48.  Only disputes over the facts that might affect the outcome of the lawsuit under applicable law will preclude entry of summary judgment. *Id*.  Therefore, once a motion for summary judgment is made and supported as provided in the Rule, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial.  Fed. R. Civ. Proc. 56(e).  The nonmovant may rely on any evidentiary materials listed in Rule 56(c), except the motions themselves.  *Celotex,* 477 U.S. at 325.  If reasonable minds could differ as to the import of the evidence, summary judgment should not be granted.  *Liberty Lobby, Inc.*, 477 U.S. at 248.

## Discussion

The parties, neighbors, have been engaged in a dispute over their respective interests to a certain portion of land and the location of the property line between them.  The Defendant filed an action to quiet title and recover damages against the Plaintiff and her husband in the Circuit Court of Maryland for Montgomery County on or about August 2, 2005.

On January 27, 2006, the Plaintiff filed her voluntary petition and commenced this Chapter 13 case.  On January 30, 2006, the Circuit Court entered judgment in favor of the Defendant and against the Plaintiff and her husband in the amount of $40,660.52 (plus additional attorneys' fees and costs in the amount of $38,905.22).

These are the facts pertinent to the issue presented here: whether the state court judgment entered three days after the petition date is void as a violation of the automatic stay.  There is no question that the automatic stay prevents the commencement or continuation of a judicial

-3-

proceeding against the debtor. See 11 U.S.C. §362(a)(1). There is no question that the state court judgment was entered after the petition date. The state court judgment was therefore entered in violation of the automatic stay.

There is a split among the circuits as to whether an action taken in violation of the automatic stay is void or voidable. *See In re Lampkin*, 116 B.R. 450, 451-52 (Bankr. D. Md. 1990) (identifying which way the circuits have ruled). The Fourth Circuit has not weighed in on this issue. However, this Court notes that other bankruptcy courts in Maryland have ruled that such actions are void. *See Ford Motor Credit Co. v. Hemsley (In re Bennett)*, 317 B.R. 313, 316 (Bankr. D. Md. 2004) (Mannes, J., noting that the Fourth Circuit has not ruled on the "void" or voidable" question and ruling that actions taken in violation of the automatic stay are void); *Thompson-Mendez v. St. Charles at Olde Court Partnership, LLC (In re Thompson-Mendez)*, 321 B.R. 814, 820 (Bankr. D. Md. 2005) (Keir, J., citing *In re Bennett* and *In re Lampkin*).

Accordingly, this Court holds that the state court judgment, entered three days after the Plaintiff filed her bankruptcy petition, violated the automatic stay and is therefore void. The Plaintiff is entitled to judgment as a matter of law. An Order will be entered contemporaneously with this Memorandum.

cc:    Plaintiff
        Plaintiff's counsel - Jonathan Morgan, Esq.
        Defendant
        Defendant's counsel - Eugene Policastri, Esq.
        U.S. Trustee
        Chapter 13 Trustee